## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 18-CR-0196-CVE** |
| | ) | **(20-CV-0093-CVE-FHM)** |
| | ) | |
| NICKOLAUS ANNTWANN DOUGLAS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is defendant Nickolaus Anntwann Douglas's <u>pro se</u> motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 40).  Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  Defendant argues that his sentence should be set aside in light of <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019), which held that, in order to be convicted of felon in possession of a firearm, a person must know not only that he possessed a firearm, but also that he had the relevant status when he possessed the firearm.  Plaintiff has filed a response (Dkt. # 44), arguing that defendant admitted that he was a felon not allowed to possess a firearm at the time of his arrest.  Defendant has filed a reply (Dkt. # 45).

**I.**

**A.**

On September 20, 2018, a magistrate judge signed a complaint (Dkt. # 1), which alleges that Tulsa Police Department Officers (Officers) Michael Snyder and Payton Laskey were patrolling together in the same unit in the area of 1100 South Garnett Road in Tulsa, Oklahoma, when they observed a gold Chevrolet Tahoe leave a motel and drive northbound.  Dkt. # 1, at 2.  The Officers noticed that the trailer ball hitches on the rear bumper obstructed their view of the letters on the tag. Id. at 2-3.  Based on their inability to read the tag, the Officers initiated a traffic stop of the Tahoe. Id. at 3.  Upon initial approach of the Tahoe, Snyder noticed a strong odor of raw marijuana coming from inside of the vehicle.  Id.  Laskey then made contact with the driver, defendant, and front seat passenger, Leah Christie.  Id.  While Laskey was checking defendant and Christie for warrants, Snyder asked defendant about the source of the odor.  Id.  Defendant replied that he smokes marijuana and allows other marijuana users to ride in his vehicle.  Id.  Defendant then told Snyder that he could search the vehicle.  Id.  As Snyder searched the Tahoe, he noticed that the cup holder in the center console appeared loose and held together with screws.  Id.  Snyder explored this area and found that it led to a voided area, where he located a brick of marijuana, baggies, scales, U.S. currency, various types of pills, and a loaded pistol.  Id.  Laskey then read defendant his Miranda rights and, subsequently, defendant agreed to speak with him.  Id.  Defendant stated that all of the items in the vehicle were his.  Id.  Defendant went on to state that he knew he was a convicted felon, he knew he was not supposed to have a gun, his wife purchased the gun for him, and that he carried the gun because the streets were dangerous.  Id.  The complaint alleges that defendant had been previously convicted of possession of controlled drug, possession of a stolen vehicle, possession of

2

marijuana–second offense, and unlawful possession of controlled drug with intent to distribute.  Id.

The complaint alleges that there was probable cause that defendant was a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1).  Id. at 2.

### B.

Defendant was charged by indictment (Dkt. # 13) with felon in possession of a firearm.  He

pleaded guilty on October 26, 2018, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C)

plea agreement.  Dkt. # 25.  In the signed petition to enter plea of guilty, defendant stated:

> On or about May 5, 2018, I possessed a firearm and ammunition.  The firearm was
> a Taurus 9mm pistol, and the ammunition was 7 9mm cart[r]idges.  I knew I
> possessed that firearm and the ammunition[].  That firearm and ammunition had
> moved across state lines and had previously been brought to Oklahoma by other
> people.  On May 5, 2018, I had prior felony convictions, and I knew I was not legally
> allowed to possess the firearm or ammunition. . . .

Dkt. # 28, at 2.  Defendant acknowledged that the maximum punishment for this offense is ten years

and/or a fine of $250,000.  Id. at 3.  He also acknowledged that the Rule 11(c)(1)(C) stipulated

sentence was sixty months imprisonment.  Id. at 4.  He stated: "I believe that my attorney has done

all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE

AND HELP (S)HE HAS GIVEN ME."  Id. (emphasis in original).

Defendant signed a written plea agreement.  Dkt. # 29.  In the plea agreement, defendant

admitted that he was a felon in possession of a firearm at the time of the offense.  Id. at 7-8.  He

separately signed this admission:

> I understand [the plea agreement], and I voluntarily agree to it.  Further, I have
> consulted with my attorney and fully understand my rights with respect to sentencing
> which may apply to my case.  No other promises or inducements have been made to
> me, other than those contained in this pleading.  In addition, no one has threatened
> or forced me in any way to enter into this agreement.  Finally, I am satisfied with the
> representation of my attorney in this matter.

Id. at 15.

3

At the change of plea hearing, defendant stated that he was fully satisfied with the counsel, representation, and advice given to him by defense counsel, and that his willingness to plead guilty was the result of his discussions with defense counsel and plaintiff. Dkt. # 46, at 10.  Defendant acknowledged that no one forced or threatened him to plead guilty, and that he was pleading guilty of his own free will because he is guilty.  Id. at 11-12.  Defendant acknowledged that he was waiving his right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel.  Id. at 18.  In his own words, defendant told the Court what it is that he did to commit the offense.  Id. at 25-26.  Defendant stated that he "knew [he] was not legally allowed to possess the firearm or ammunition."  Id.

Plaintiff also made a representation of the facts that it would be prepared to prove at trial. Id. at 28-29.  These included:

> On May 5, 2018, the United States would prove that Tulsa Police officers were conducting a traffic stop on this defendant around 700 South Garnett Road in Tulsa which is within the Northern District of Oklahoma.  They smelled an odor of marijuana coming from the vehicle.  They obtained the defendant's consent to search the vehicle and located inside of that vehicle the firearm and ammunition alleged in the indictment.  Officers then read the defendant his Miranda rights and he agreed to speak with them without an attorney present, and he said he knew he was a convicted felon, he was not supposed to have the gun, and the firearm was, in fact, his. . . .

Id.  The Court found that

> based upon defendant's admissions, demeanor and responsive answers to my questions, that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The plea is therefore accepted and the defendant is now adjudged guilty of that offense.

Id. at 30.  On February 4, 2019, defendant was sentenced to sixty months imprisonment.  Dkt. # 36, at 2.  Defendant did not appeal his sentence.

On March 6, 2020, defendant filed a § 2255 motion, arguing that his counsel was ineffective because "(1) He violated the petitioner's Sixth Amendment right to effective assistance of counsel, and (2) He gave the government an unfair advantage over the petitioner during the legal proceedings."  Dkt. # 40, at 1-2.

## II.

### A.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.  Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance."  Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Id. at 690.  Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. at 689.

To establish the second prong, a defendant must show that counsel's deficient performance prejudiced the defendant to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable

probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also

Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).   In Glover v. United States, 531 U.S. 198, 199

(2001), the Supreme Court held that "any amount of actual jail time has Sixth Amendment

significance."  Thus, the prejudice prong of the Strickland test does not require that any increase in

sentence must meet a standard of significance.  See United States v. Horey, 333 F.3d 1185, 1187-88

(10th Cir. 2003).

## B.

Defendant argues that his counsel was ineffective for failing to raise the Supreme Court's

June 2019 decision Rehaif v. United States, 139 S. Ct. 2191 (2019).  Dkt. # 40, at 1-2.  Defendant

also argues that his counsel "gave the government an unfair advantage over the petitioner during the

legal proceedings."  Id. at 2.  The Court reads defendant's second claim as a claim that his counsel

or plaintiff coerced him into entering a plea of guilty.

i.  Ineffective Assistance of Counsel Claim

The Court first addresses defendant's ineffective assistance of counsel claim.  Defendant

argues that both prongs of the Strickland test are satisfied.  Dkt. # 40, at 2.  However, because the

Court finds no deficient performance, it need not address defendant's argument that he was

sufficiently prejudiced.  See United States v. Hollis, 552 F.3d 1191, 1194 (10th Cir. 2009) (holding

that the court "need not analyze both the performance and prejudice prongs of the Strickland test if

defendant fails to make a sufficient showing of one.") (internal quotation marks omitted).

Defendant argues that his counsel "had [him] sign a plea agreement to charges that the

government without the petitioner's plea would not have been able to prove at trial."  Id.  He argues

that, without the plea agreement, plaintiff would not have been able to prove that defendant knew

he possessed the firearm or that he knew he was a convicted felon at the time he was arrested for felon in possession of a firearm.  Dkt. # 40, at 3-4.  Defendant cites the Supreme Court's decision Rehaif v. United States, 139 S. Ct. 2191 (2019), as a basis for overturning his conviction.  Id. at 3.

In Rehaif, the Supreme Court held that, in order to secure a conviction under 18 U.S.C. § 922 (felon in possession of a firearm), the government must prove that the defendant knew both (1) that he possessed a firearm, and (2) of the status that prohibited him from possessing a firearm.  Rehaif, 139 S. Ct. 2200.  In this case, defendant admitted three times, once at the time of arrest, once in his signed petition to enter plea of guilty, and once during the plea colloquy, that he knew he possessed a firearm and he knew that he was a felon who was not allowed to possess a firearm.  After he was read his Miranda rights, defendant admitted that he owned the firearm and knew he was a felon who was not supposed to possess a firearm.  Dkt. # 1, at 3.  In the signed petition to enter plea of guilty, defendant stated:

> On or about May 5, 2018, I possessed a firearm and ammunition.  The firearm was a Taurus 9mm pistol, and the ammunition was 7 9mm cart[r]idges.  I knew I possessed that firearm and the ammunition[].  That firearm and ammunition had moved across state lines and had previously been brought to Oklahoma by other people.  On May 5, 2018, I had prior felony convictions, and I knew I was not legally allowed to possess the firearm or ammunition. . . .

Dkt. # 28, at 2. And during the plea colloquy, defendant stated that he "knew [he] was not legally allowed to possess the firearm or ammunition." Dkt. # 46, at 25-26.  Based on defendant's voluntary and knowing admissions that he possessed the firearm and knew he was a convicted felon, the Court finds that defendant's Rehaif claim is meritless.  Therefore, his counsel could not have been ineffective for raising this issue.  See Sperry v. McKune, 445 F.3d 1268, 1275 (10th Cir. 2006) ("[I]f the issue is meritless, its omission will not constitute deficient performance[.]") (citation omitted).

Further, even assuming that defendant had not made three admissions, <u>Rehaif</u> was not decided until eight months after defendant pleaded guilty.  Counsel cannot be ineffective for failing to predict future law.  <u>See</u> <u>Bullock v. Carver</u>, 297 F.3d 1036, 1052 (10th Cir. 2002) (rejecting "ineffective assistance claims where a defendant faults his former counsel not for failing to find existing law but for failing to predict future law") (internal quotation marks and citations omitted).  The Court finds that defendant's claim that his counsel was ineffective should be denied.

ii.  Coercion to Enter Plea of Guilty Claim

With regard to defendant's argument that his counsel forced him to sign the plea agreement, his argument is also meritless.  To comport with the Due Process Clause of the Fourteenth Amendment, a guilty plea must be knowingly and voluntarily made.  <u>Fields v. Gibson</u>, 277 F.3d 1203, 1212-13 (10th Cir. 2002) (citing <u>Boykin v. Alabama</u>, 395 U.S. 238, 242 (1969)).  Under <u>Strickland</u>, "coercion by the accused's counsel can render a plea involuntary."  <u>United States v. Estrada</u>, 849 F.2d 1304, 1306 (10th Cir. 1988); <u>see</u> <u>also</u> <u>Fontaine v. United States</u>, 411 U.S. 213, 215 (1973) ("It is elementary that a coerced plea is open to collateral attack.").  However, "when a defendant expressly represents in open court . . . that his plea is voluntary, he may not ordinarily repudiate his statements to the sentencing judge."  <u>Id.</u> (internal quotation marks omitted).  "[F]ull compliance . . . with Rule 11" is relevant that a guilty plea is not coerced.  <u>Runge v. United States</u>, 427 F.2d 122, 124 (10th Cir. 1970).  In addition, the plea colloquy is instructive on whether defendant knowingly and voluntarily pleaded guilty.  <u>See</u> <u>Fields</u>, 277 F.3d at 1214.

Defendant signed both a petition to enter plea of guilty and a written plea agreement acknowledging that he was satisfied with his counsel's performance.  Further, he stated under oath during the plea colloquy that he was satisfied with his counsel's performance.  In defendant's

8

petition to enter plea of guilty, he acknowledged that he "kn[ew] that the Court will not permit anyone to plead 'GUILTY' who maintains . . . he is innocent and, with that in mind, and because I am 'GUILTY' and do not believe I am innocent, I wish to plead 'GUILTY[.]'" Dkt. # 28, at 3. Defendant stated that his "mind [was] clear. [He was] not under the influence of alcohol or drugs, and [he was] not under a doctor's care." Id. at 4.   In the plea agreement, defendant admitted to committing the offense charged in the indictment.  Dkt. # 29, at 7-8.  Defendant stated:

> I, NICKOLAUS ANTWANN DOUGLAS, admit that on or about May 5, 2018, I possessed a firearm and ammunition after being convicted of a felony.  On that day, I was pulled over by Tulsa police officers for a traffic violation.  I gave the officers consent to search my vehicle, and they located a Taurus Model PT709 Slim, 9mm pistol and seven rounds of 9mm ammunition.  This traffic stop occurred within the Northern District of Oklahoma.  This firearm and seven rounds of ammunition were made outside the state of Oklahoma and had previously traveled in interstate commerce.  At the time I was found in possession of this firearm and these seven rounds of ammunition, I had already been convicted of a felony offense punishable by more than a year imprisonment.

Id.  Defendant signed and acknowledged that

> [I have] read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case.  No other promises or inducements have been made to me, other than those contained in this pleading.  In addition, no one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

Id. at 15 (emphasis added).  Defendant signed a statement that "[n]o agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case[.]" Id. at 14.  At the change of plea hearing, under oath, defendant responded in the negative that "anyone made any other or different promise or assurance to [him] of any kind that is

not in the plea agreement in an effort to persuade [him] to plead guilty." Dkt. # 46, at 11. The Court

asked defendant if anyone had forced or threatened him to plead guilty, and he responded that they

had not. Id. In addition, defendant responded in the affirmative that he was "pleading guilty of [his]

own free will because [he is] guilty[.]" Id. at 11-12. The Court found

> based upon defendant's admissions, demeanor and responsive answers to my
> questions, that the defendant is fully competent and capable of entering an informed
> plea, that the defendant is aware of the nature of the charges and the consequences
> of the plea, and that the plea of guilty is a knowing and voluntary plea supported by
> an independent basis in fact containing each of the essential elements of the offense.

Id. at 30.

Defendant offers no valid argument as to why his guilty plea was coerced. Defendant's plea

agreement, petition to enter plea of guilty, and the plea colloquy establish that defendant's plea was

knowingly and voluntarily made. See United States v. Gigley, 213 F.3d 509, 517 (10th Cir. 2000).

The Court finds that defendant's claim that he was coerced into entering a plea of guilty should be

denied.

iii.  No Evidentiary Hearing

The Court has reviewed defendant's § 2255 motion and can find no other claims that could

reasonably be construed as challenges to the validity of his guilty plea. Defendant requests an

evidentiary hearing on his § 2255 motion, but he has not asserted a colorable claim for relief. Thus,

the record conclusively shows that defendant is entitled to no relief and the Court is not required to

hold an evidentiary hearing before denying defendant's § 2255 motion. United States v. Marr, 856

F.2d 1471, 1472 (10th Cir. 1988).

## III.

The Court will consider whether a certificate of appealability should issue as to defendant's § 2255 motion (Dkt. # 65).  Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right.  The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant Nickolaus Anntwann Douglas's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 40) is **denied**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability. A separate judgment is entered herewith.

**DATED** this 8th day of May, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

11